MEMORANDUM*
Ronald L. Rakow appeals his conviction for tax evasion. 26 U.S.C. § 7201. We affirm.
(1) Rakow asserts that because evidence of his failure to disclose loans to the Internal Revenue Service was admitted, there was constructive amendment of the indictment, or at least a variance. See United States v. Adamson, 291 F.3d 606, 614-15 (9th Cir.2002). We disagree. There was no plain error.[1] His claim that the jury could not have founded its verdict on most of the overt acts set forth in the indictment because it acquitted him of other counts associated with those acts must fail. At most, that would indicate a non-cognizable inconsistency. See United *454 States v. Powell, 469 U.S. 57, 62-65, 105 S.Ct. 471, 475-77, 83 L.Ed.2d 461 (1984); United States v. Franco, 136 F.3d 622, 630 (9th Cir.1998); United States v. Hart, 963 F.2d 1278, 1281-82 (9th Cir.1992). Also, the mere fact that evidence is of a wrongdoing not specifically set forth in the indictment does not preclude its admission. See United States v. Bhagat, 436 F.3d 1140, 1146 (9th Cir.2006). In addition, the evidence in question was admissible to undercut Rakow’s assertion that he had acted in good faith and was forthcoming. Finally, there was ample evidence (other than the loan evidence) to convict Rakow of tax evasion. There was no constructive amendment. Similarly, there was no material variance. See id. at 1146-47.
(2) Rakow next asserts that his privilege against self incrimination and his due process rights were violated when testimony he gave at a bankruptcy examination was admitted against him. See U.S. Const, amend. V. Again, we disagree. The record makes it apparent that Rakow, who was represented by counsel, was well aware of the privilege and chose not to assert it in the bankruptcy proceeding. Thus, he waived it. See United States v. Kordel, 397 U.S. 1, 7-10, 90 S.Ct. 763, 767-68, 25 L.Ed.2d 1 (1970); United States v. Stringer, 521 F.3d 1189, 1196-97 (9th Cir. 2008); United States v. Unruh, 855 F.2d 1363, 1374 (9th Cir.1988). Moreover, there was no outrageous government conduct or any conduct that deviated from the path of justice. See Kordel, 397 U.S. at 11-13, 90 S.Ct. at 769-70. The bankruptcy proceeding was not controlled by the government, and Rakow was not misled by the government into a belief that no criminal prosecution was or would be contemplated. See id.) Stringer, 521 F.3d at 1197-1200; Unruh, 855 F.2d at 1374.
(3) Finally, Rakow argues that his right of confrontation was violated when evidence of prior testimony by his codefendant, Denise Del Bianco, was admitted against her. See U.S. Const, amend. VI; Gray v. Maryland, 523 U.S. 185, 192, 118 S.Ct. 1151, 1155, 140 L.Ed.2d 294 (1998); Bruton v. United States, 391 U.S. 123, 135-37, 88 S.Ct. 1620, 1627-28, 20 L.Ed.2d 476 (1968). However, the statements admitted against her did not actually incriminate him, and if they had some slight tendency to do so when coupled with other evidence, they surely did not facially, or powerfully, or expressly, or clearly do so. See Richardson v. Marsh, 481 U.S. 200, 208-09, 107 S.Ct. 1702, 1707-08, 95 L.Ed.2d 176 (1987); United States v. Angwin, 271 F.3d 786, 796 (9th Cir.2001), overruled on other grounds by United States v. Lopez, 484 F.3d 1186, 1200 n. 17 (9th Cir. 2007) (en banc); United States v. Olano, 62 F.3d 1180, 1195-96 (9th Cir.1995); United States v. O’Connor, 737 F.2d 814, 820 (9th Cir.1984). Moreover, any incriminatory effect was so mild in the face of the large volume of other evidence of tax evasion by Rakow, that any error was harmless beyond a reasonable doubt. See Angwin, 271 F.3d at 797.
Rakow also points to Crawford v. Washington, 541 U.S. 36, 68, 124 S.Ct. 1354, 1374, 158 L.Ed.2d 177 (2004), but absent Bruton error, Crawford has no work to do in this context. See United States v. Johnson, 297 F.3d 845, 856 n. 4 (9th Cir.2002).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Because this issue was not raised at the district court, plain error review applies. See United States v. Hartz, 458 F.3d 1011, 1019 (9th Cir.2006).